IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

OTIS HODGE, JR.,                     )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )        CASE NO.  3:13-cv-601-MEF
                                     )          (WO – Do Not Publish)
HEATH TAYLOR, *et al.*,              )
                                     )
        Defendants.                  )

## MEMORANDUM OPINION AND ORDER

Plaintiff Otis Hodge, Jr. ("Hodge") brings suit against Defendants Sheriff Heath Taylor ("Sheriff Taylor"), Deputy Sheriff Brinson Harley ("Deputy Harley"), and Deputy Sheriff Bradford Chris ("Deputy Chris") (collectively, "Defendants") in their individual capacities for violations of his constitutional rights under 42 U.S.C. § 1983.  Before the Court is Sheriff Taylor's Motion to Dismiss the Third Amended Complaint (Doc. #28) for failure to state a claim under Rule 12(b)(6) and on the basis of qualified immunity.[1]  For the reasons discussed below, Sheriff Taylor's motion is due to be GRANTED.

### I. JURISDICTION AND VENUE

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, and 1343(a).  Defendants have not argued that the Court lacks personal jurisdiction over them.  Pursuant to 28 U.S.C. § 1391(b), venue is appropriate in this district.

### II. STANDARD OF REVIEW

_____

[1]  Deputy Harley filed an answer on February 24, 2014 (Doc. #27) and Deputy Chris filed an answer on March 17, 2014 (Doc. #17) and, as such, have not joined in this motion.

In considering a Rule 12(b)(6) motion to dismiss, the court accepts the plaintiff's allegations as true and reads them in the light most favorable to the plaintiff. *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993) (citation omitted). Further, a district court must favor the plaintiff with "all reasonable inferences from the allegations in the complaint." *Stephens v. Dep't of Health and Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint does not state a facially plausible claim for relief if it shows only "a sheer possibility that the defendant acted unlawfully." *Id.* While a complaint need not contain detailed factual allegations to survive a Rule 12(b)(6) motion, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation and citations omitted). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Id.* Courts are also not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III. STATEMENT OF FACTS

Since this case is before the Court on a Motion to Dismiss, the Court accepts the

following allegations in Hodge's complaint as true:

On April 9, 2011, Hodge was arrested by Russell County Deputy Sheriff David Walters ("Deputy Walters") for DUI, open container, resisting arrest, and disorderly conduct. Deputy Walters handcuffed Hodge and drove him to Russell County jail. When they arrived at jail, Deputy Walters turned Hodge over to the custody of Deputy Harley and Deputy Chris. Rather than taking Hodge to the jail's booking area, the two deputies brought him to a cell towards the back of the jail out of the view of any surveillance cameras. While accompanying Hodge to the cell, Deputy Harley and Deputy Chris warned Hodge not to resist. Hodge remained handcuffed and was not resisting. Hodge had not been searched and the officers had not taken any of his personal belongings.

Upon arriving at the cell, Deputy Harley instructed Hodge to kneel down. When Hodge attempted to kneel, Deputy Harley kicked him and pushed him into the cell's concrete wall. Hodge lost consciousness as a result and landed face down on the cell's floor. Deputy Harley then picked Hodge up by his handcuffs. Hodge alleges that Deputy Harley's actions injured his back and caused him to lose sensation in his extremities. He also alleges that being picked up by his handcuffs caused him further injury.

Hodge immediately requested medical treatment after the attack. Deputy Harley refused Hodge's request, repeatedly stating "nigga aint hurt." After the attack, Hodge used his personal cell phone to call family, friends, and his pastor for help. Hodge was released the next day and then was able to seek medical treatment.

Hodge alleges that Deputy Harley and Deputy Chris's conduct caused him to suffer

from injuries to his back, neck, and shoulders.  He further alleges that he was never offered

any medical treatment at the Russell County jail, other than two aspirins.  As a result, he has

had to seek and to pay for his own medical treatment.  Finally, Hodge alleges that Deputy

Harley and Deputy Chris's conduct has caused him to suffer from mental anguish.

### III. PROCEDURAL BACKGROUND

On March 21, 2013, Hodge filed his Complaint (Doc. #1-2) *pro se* in the Circuit Court

of Russell County, Alabama, against Defendants Russell County Commission, Russell

County Sheriff Department, David Walters (in his official and individual capacities), Chris

Byrd, and Brinton Hartley.[2]  Hodge's initial complaint alleged a series of facts but did not

state the legal basis for his claim.  On August 9, 2013, after retaining counsel, Hodge filed

his Verified First Amended Complaint (Doc. #1-8), removing Russell County Commission

and Russell County Sheriff Department as Defendants and adding Sheriff Taylor.  The

Amended Complaint brought Fourth, Fifth, Eighth, and Fourteenth Amendment claims under

42 U.S.C. § 1983 (Count 1), conspiracy claims under 42 U.S.C. §§ 1985 and 1986 (Count

2), and state law assault and battery claims (Count 3) against all defendants in their

individual and official capacities.  Hodge sought injunctive relief, compensatory and punitive

damages, and attorney's fees.

Defendants removed the case to this Court on August 23, 2013.  (Doc. #1.)  On

August 28, 2013, Defendant Deputy David Walters ("Walters") filed a motion to dismiss

---

[2]  Hodge incorrectly named "Chris Byrd" and "Brinton Hartley" in his initial complaint.
Hodge later corrected this mistake by substituting "Bradford Chris" for the incorrectly named "Chris
Byrd" and "Brinson Harley" for the incorrectly spelled "Brinton Hartley" in his Third Amended
Complaint (Doc. #25).

under Rule 12(b)(6) and on the basis of qualified immunity.  (Doc. #2.)  On October 8, 2013, Hodge filed a Motion to Amend his complaint to address the arguments made in Walters's motion  (Doc. #5), which the Court granted (Doc. #6).    Hodge's Second Amended Complaint contained only a single claim for damages under 42 U.S.C. § 1983 against Defendants Sheriff Taylor, Brinton Hartley, and Chris Byrd in their individual capacities.[3] After Deputy Harley filed his Answer (Doc. #12) and Sheriff Taylor filed his first Motion to Dismiss (Doc. #14), Hodge filed his Second Motion to Amend and/or Motion to Correct Names of Parties (Doc. #18) for the purpose of substituting the proper party names for Defendants Deputy Chris and Deputy Harley.  On February 10, 2014, the Court granted Hodge's motion (Doc. #24) and Hodge filed his Third Amended Complaint (Doc. #25) on February 12, 2014.  On February 24, 2014, Sheriff Taylor filed his Motion to Dismiss the Third Amended Complaint. (Doc. #28.)

## IV. DISCUSSION

Hodge brings a § 1983 claim against Sheriff Taylor in his supervisory capacity based on Sheriff Taylor's (1) failure to intervene in the attack; (2) failure to provide medical treatment; (3) failure to hire, supervise, or train Deputies Harley and Chris; and (4) allowing an atmosphere of racial animosity and/or physical cruelty towards inmates to exist at the Russell County jail.  Finally, Hodge alleges all Defendants acted with deliberate indifference toward Hodge's constitutional rights by "creating or condoning practices, policies, or

---

[3]  The Second Amendment Complaint (Doc. #6) removed Deputy David Walters as a party defendant, removed the §§ 1985 and 1986 and state law claims against all defendants, and removed the claims against all defendants in their official capacities.  Hodge also noted that Sheriff Taylor, Brinton Hartley, and Chris Byrd had not yet been served with process.

customs that resulted" in his attack and injuries.[4]

## 1. Qualified Immunity

Sheriff Taylor moves to dismiss Hodge's claim on the grounds of qualified immunity. "Qualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." *Lee v. Ferraro*, 284 F.3d 1188, 1193–94 (11th Cir. 2002) (citations and internal quotations omitted). The doctrine aims to focus government officials on "'their discretionary duties without fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or who is knowingly violating federal law.'" *Hoyt v. Cooks*, 672 F.3d 972, 977 (11th Cir. 2012) (quoting *Lee*, 284 F.3d at 1194).

The examination of a qualified immunity defense involves a three-part analysis. First, the official must establish that he was performing discretionary acts. If the government official was acting within his discretionary authority, the burden shifts to the plaintiff to show that the official is not entitled to qualified immunity. *Skop v. City of Atlanta, Ga.*, 485 F.3d

---

[4] Hodge also brings a "Fourth and/or Fourteenth Amendment" excessive force claim against Deputies Harley and Chris in their individual capacities based on (1) Deputy Harley's assault; (2) Deputy Harley and Deputy Chris's failure to provide medical care; and (3) Deputy Chris's failure to intervene to stop Deputy Harley's assault. Because the incident at issue took place after Hodge's arrest but before formal booking or initial appearance, the Court notes that it is not clear whether the excessive force claim should be analyzed under the Fourth or Fourteenth Amendments. *See Calhoun v. Thomas*, 360 F. Supp. 2d 1264, 1272 (M.D. Ala. 2005) (describing the time between an arrest and booking as a "legal twilight zone"). Hodge only brings claims against Sheriff Taylor in his capacity as a supervisor. Thus, the Court need not decide whether Hodge's excessive force claims are properly brought under the Fourth or Fourteenth Amendments at this time. However, the Court notes that resolution of this issue will be central should the case proceed to summary judgment.

1130, 1136–37 (11th Cir. 2007).  It is undisputed that Sheriff Taylor was a governmental official acting within his discretionary authority at all times relevant to this suit.

At this point, the court must grant the official qualified immunity unless the plaintiff's alleged facts, accepted as true, show (1) that there was a violation of the constitution or federal law and (2) that the illegality of the officer's actions was clearly established at the time of the incident.  *Hoyt*, 672 F.3d at 977 (citing *Lee*, 284 F.3d at 1194).  In *Pearson v. Callahan*, 555 U.S. 223, 236 (2009), the Supreme Court instructed lower federal courts to use their sound discretion to decide which prong of the qualified immunity to address first.  Since the Court finds that, under the facts alleged by Hodge, Sheriff Taylor did not violate any constitutional right, the Court addresses only the first prong of the qualified immunity analysis.

### A.  Supervisory Liability under § 1983

It is undisputed that Hodge only brings claims against Sheriff Taylor in his capacity as Deputies Harley and Chris's supervisor.[5]  It is well settled, however, that a supervisor "is not liable under § 1983 for the unconstitutional acts of [his] subordinates on the basis of

---

[5]  In his Third Amended Complaint, Hodge alleges that he suffered damages as a result of Sheriff Taylor's "failure to intervene [and] failure to provide medical treatment."  On their face, these claims suggest Hodge intended to hold Sheriff Taylor directly liable under § 1983 for excessive force and/or deliberate indifference to serious medical needs.  However, in his response brief (Doc. #32), Hodge concedes that he only intended to hold Sheriff Taylor liable in his capacity as supervisor.  While failure to intervene and failure to provide medical treatment claims can be brought against a supervisor, it requires some allegation that the supervisor was in a position to intervene, *see Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir. 1998), or knew the plaintiff needed medical treatment; *see Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000).  Because Hodge failed to allege Sheriff Taylor was aware of Hodge's arrest, detention, or alleged attack, it is implausible that Sheriff Taylor was either in a position to intervene or knew that Hodge needed medical treatment.  Accordingly, Hodge's claims based on Sheriff Taylor's failure to intervene and failure to provide medical treatment are DISMISSED WITH PREJUDICE.

respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). Rather, he is liable if he "personally participates in the alleged unconstitutional conduct" of "if there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id.* at 1360 (citations omitted). It is undisputed that Sheriff Taylor did not personally participate in the alleged use of force. Indeed, Hodge does not allege that Sheriff Taylor had any personal knowledge that Hodge was ever detained or attacked. Thus, the relevant inquiry is whether a "causal connection" exists between Sheriff Taylor's actions and Deputies Harley and Chris's allegedly unconstitutional conduct.

A causal connection can be established in one of three ways: (1) "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation," (2) "when the facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so," or (3) "when a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights." *Cottone*, 326 F.3d at 1360 (quoting *Gonzalez v. Reno*, 325 F.3d 1228, 1234–35 (11th Cir. 2003)). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (citation omitted). Hodge has failed to meet this burden.

To establish the first type of causal connection, the plaintiff must allege examples of abuse that are "obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Hodge alleges that

Sheriff Taylor is liable as a supervisor for allowing "an atmosphere of racial animosity and/or physical cruelty toward inmates to exist at the Russell County jail."   Hodge fails to adequately support the existence of an atmosphere of racial animosity or physical cruelty toward inmates and, as such, cannot state a plausible claim that there exists a history of widespread abuse that would put Sheriff Taylor on notice of future misconduct.  Indeed, the only factual allegation of abuse at the Russell County Jail is the allegedly unconstitutional use of force that forms the basis of Hodge's complaint.  A single incident of misconduct by itself cannot demonstrate a history of widespread abuse sufficient to put Sheriff Taylor on notice. *See Braddy v. Fla. Dep't of Labor & Employment Sec.*, 133 F.3d 797, 802 (11th Cir. 1998) (citing *Brown*, 906 F.2d at 671 (11th Cir. 1990)).

Similarly, Hodge cannot establish the second type of causal connection set forth in *Cottone*.  Hodge concedes that he has not alleged sufficient facts to establish that Sheriff Taylor directed Deputies Harley or Chris to attack or to withhold medical care from Hodge. Similarly, the Court can find no facts to support an inference that Sheriff Taylor knew that Deputies Harley or Chris would act unlawfully and failed to stop them from doing so. Indeed, there is no allegation that Sheriff Taylor was subjectively aware Hodge was detained at the time and, therefore, was not on notice of Deputies Harley or Chris's allegedly unconstitutional conduct.  Thus, the Court finds that the alleged facts do not support an inference that Sheriff Taylor directed Deputies Harley and Chris to use unlawful force against Hodge or that Sheriff Taylor knew Deputies Harley and Chris would use unlawful force and failed to stop it.

Finally, the third type of causal connection requires the plaintiff to show a custom or policy that results in the deliberate indifference to constitutional rights.  Hodge alleges that "Defendants acted with deliberate indifference toward [Hodge's constitutional rights] in creating or condoning practices, policies, or customs that resulted" in Hodge's attack and injuries.  Hodge contends that Deputies Harley and Chris's "very peculiar deviations from standard law enforcement practices and customs" somehow corroborate the existence of policy or custom resulting in deliberate indifference, thus subjecting Sheriff Taylor to supervisory liability.  Hodge, however, does not allege any specific custom or policy established by Sheriff Taylor that resulted in deliberate indifference to Hodge's constitutional rights.  Furthermore, Hodge does not allege that Sheriff Taylor was aware of any prior incidents of Russell County jail officials using excessive force or failing to provide medical treatment that would cause him to be aware that a custom or policy was constitutionally inadequate.  Thus, Hodge's conclusory assertions amount to nothing more than "formulaic recitation[s] of the elements of a cause of action" and, therefore, are insufficient to state a viable claim. *See Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009 ("While legal conclusions can provide a framework of a complaint, they must be supported by factual allegations.").

Alternatively, Hodge claims Sheriff Taylor failed to "properly hire, supervise or train Deputies Harley and Chris."  A law enforcement agency's failure to adequately train or supervise its officers may constitute a "policy" giving rise to governmental liability when such a failure "amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  To establish

10

deliberate indifference, "a plaintiff must present some evidence that the [Sheriff] knew of a need to train and/or supervise in a particular area and that the [Sheriff] made a deliberate choice not to take any action." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998); *see also Keith v. DeKalb County, Ga.*, 749 F.3d 1034, 1052 (11th Cir. 2014) ("[A] plaintiff alleging a constitutional violation premised on a failure to train must demonstrate that the supervisor had 'actual or constructive notice that a particular omission in their training program causes [his or her] employees to violate the citizens' constitutional rights, and that armed with that knowledge the supervisor chose to retain the training program.") (citations omitted). "To demonstrate a supervisor was on actual or constructive notice of the deficiency of training, '[a] pattern of similar constitutional violations by untrained employees is ordinarily necessary.'" *Id.* (citing *Connick v. Thompson*, -- U.S. --, 131 S. Ct. 1350, 1360 (2011). Hodge has alleged no facts suggesting Sheriff Taylor knew Deputies Harley and Chris needed additional supervision and training and yet made a conscious choice not to provide it. The single violation that forms the basis for Hodge's complaint does not reflect a "pattern of constitutional violations" and therefore is insufficient to provide Sheriff Taylor with such notice. Accordingly, Hodge's failure to train and supervise claims cannot proceed.

To establish that Sheriff Taylor is liable for the decision to hire Deputies Harley and Chris, Hodge must demonstrate "that [Sheriff Taylor's] decision reflected a conscious disregard for the high risk that [Deputies Harley and Chris] would use force in violation of [Hodge's] protected right." *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 415-16 (1997); *see also Williams v. DeKalb County*, 327 Fed. App'x. 156, 162 (11th Cir. 2009). Hodge has

clearly failed to allege any facts suggesting that, at the time they were hired, Sheriff Taylor knew of and consciously disregarded a high likelihood that Deputies Harley and Chris would "inflict the particular injury suffered by [Hodge]."   *See Brown*, 520 U.S. at 412. Accordingly, Hodge's failure to hire claims are due to be dismissed.

## V. CONCLUSION

Based on the foregoing, it is hereby ORDERED that Sheriff Taylor's Motion to Dismiss (Doc. #28) is GRANTED, and all claims against him as alleged in the Third Amended Complaint are DISMISSED WITH PREJUDICE.

DONE this the 7th day of July, 2014.

/s/  Mark E. Fuller
UNITED STATES DISTRICT JUDGE